Daniel, J.
 

 The defendants justify the trespass under the written authority, signed by five of the Wardens, and set forth in the case.
 
 First,
 
 it was insisted for the plaintiff that the Act (Rev. Stat. c. 89, s. 24,) was unconstitutional. This ground is abandoned here, and we think corrector, as the plaintiff, on the seizure, might have had his writ of Replevin and tried the validity of the taking, before a Court, and Jury, according to the course of the common law; for replevin lies to recover the possession of goods and chattels unlawfully or wrongfully taken. Com. Dig. Replevin. Bul. N. P. 52.—
 
 Shannon
 
 v
 
 Shannon,
 
 1 Sch. &. Lef. 324. Leigh’s N. P. 1323.
 
 Secondly,
 
 the plaintiff contends that the hogs were his property, ánd not the property of the slaves. It is true that the title to the hogs was in the master until the seizure
 
 *69
 
 and sale for the forfeiture, and then the title was changed by force of the Statute. The forfeiture arose in consequence of the plaintiff permitting his slaves to raise the hogs or mark them in their mark, and exercise acts of ownership and dominion over them as if they were their own ; that is what the Statute means by the words “ that shall belong to any slave.”
 
 Thirdly,
 
 it is said that the written authority, under which the defendants justify, is not signed by a majority of the Wardens, in their official characters as Wardens. The answer is, that the five persons, whose names are signed to the writing, were Wardens at the time, and they had power to act in the business as Wardens, and they had no authority to intermeddle as Justices of the Peace. The return is directed by the writing to be made to the Wardens, and not to any Justice or Justices of the Peace. The circumstance of the letters J. P. being added to the names of some of them does not affect the validity of the authority, given in that mode in which by law they had a right to exercise it. It is a maxim of law, that that which is right and useful shall not be destroyed or vacated by that which is useless.
 
 Fourthly,
 
 it is admitted that the Wardens, or a majority of them, might have taken the hogs, as it appears that there was a regular informer; but it is denied that they had any judicial powers to issue process to the ministerial officers of the County, or to any other persons, to have the hogs seized. We however understand, that it is a rule of law, that an authority is to be so construed as to include all necessary and usual means of executing it with effect, 2 H. Black. 618. We therefore think that the defendants could justify under the said order or li-cence of the Wardens, in the same manner that a person can justify a trespass on land by the order or licence of the owner. The case of
 
 Rex
 
 v
 
 Croke,
 
 Cowp. Rep, 26, does not militate against this opinion, for that case only decides that the proceedings of a court of limited jurisdiction must show upon their face, that the court acted within the sphere of its powers.
 
 Fifthly,
 
 it is contended that the authority is defective and void, inasmuch as it is not given to the defendants, or either of them, by his and their Christian and surnames. The warrant is directed “ to the constables or Sheriff, or other officers
 
 *70
 
 of Rowan County.” The Sheriff had nothing to do with it. Could Kerns, one of a general class of persons, (viz. “ constables,") be permitted to aver that he was a constable, and execute this power alone ? We think we are not driven to the necessity of deciding this point of law, as all the Wardens who signed the paper, as well as Kerns the constable
 
 i
 
 and those who were with him at the seizure, are sued as defendants. And the seizure was subsequently assented to and ratified by the said Wardens, which we think cured any irregularity, if there was any, in the mode of its execution.
 
 Sixthly,
 
 the defendants had a right to sever in, their pleas. 1 Chit. Plead. 596. But if all of the several issues had been found for the'plaintiff, the Jury must have assessed the damages entire against all the defendants, and there would have been but one judgment and one set of costs for the plaintiff. Will the verdicts in iavor of all the defendants, upon all of the several issues, subject the plaintiff to more than one set of costs
 
 1
 
 We think not, because there are not several judgments upon each issue, but one judgment reciting the several verdicts, and concluding that all the defendants go without day. The case therefore does not come within the rule laid down in the case of
 
 Stockstile
 
 v
 
 Shufford,
 
 Conf. Rep. 556.
 

 The judgment is affirmed except so much of it as gives a separate set of costs to each of the defendants, and that portion of it is reversed with costs to the plaintiff in this Court.
 

 Per CpniAsr.
 

 Judgment accordingly.